IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KORYASA MAJOA, #A97683894,<br>    Petitioner, | )<br>)<br>) |
| v. | )        3:08-CV-0191-P |
| | ) |
| WARDEN JILL WATSON, et al.,<br>    Respondents. | )<br>)<br>) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for habeas corpus relief filed by a detainee of the Bureau of Immigration and Customs Enforcement (ICE) pursuant to 28 U.S.C. § 2241, et seq.

Parties: Petitioner is presently confined at the Rolling Plains Detention Center in Haskell, Texas. Respondents are Warden Jill Watson, ICE, ICE Field Director Nuria Prendes, and Secretary of Department of Homeland Security Michael Chertoff. The court issued process in this case.

Statement of Case: On December 4, 2007, Petitioner, a citizen of Fiji, entered the United States on a British passport under the VISA Waiver Program (VWP), *see* 8 U.S.C. § 1187, which allows citizens of certain countries with round trip tickets to enter the United States as a tourist

for 90 days *without* a visa. (Respondents' Appendix at 3-4 and 7-8).[1]

On December 7, 2007, Petitioner was detained by ICE, after he was denied entry into Canada. (*Id.* at 3-4). Subsequently ICE discovered that Petitioner had previously been denied admission into the United States on three separate occasions, and that he had misrepresented this fact upon his entry on Form I-94W. (*Id.*). On December 10, 2007, ICE issued an order of removal under § 1187. (*Id.* at 6).

In this habeas action, Petitioner claims his continued detention pending removal violates his due process rights. He alleges that he is entitled to be removed to Britain because he provided ICE with a valid British passport and airline ticket. Alternatively, he requests that he be released immediately on his own recognizance with reasonable conditions and/or that his removal to Britain be expedited

In response to this Court's order to show cause, Respondents filed a response seeking dismissal of the petition as premature. In his reply, Petitioner requests that he be removed to Fiji.    Findings and Conclusions: As an initial matter, the Court pauses to address its jurisdiction to entertain the petition in this case. The Real ID Act stripped district courts of jurisdiction over 28 U.S.C. § 2241 petitions attacking removal orders.[2] *See Rosales v. Bureau of Immigration and Customs Enforcement,* 426 F.3d 733, 735-36 (5th Cir. 2005), *cert. denied*, 546 U.S. 1106 (2006). Nonetheless, the Real ID Act left intact a district court's ability to adjudicate

---

[1] While Fiji is not a country listed in the VWP, Petitioner entered on a British passport. The United Kingdom is part of the VWP.

[2] The REAL ID Act is part of the much broader Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005, Pub.L. No. 109-13, 119 Stat. 231 (May 11, 2005).

an alien's claim regarding the constitutionality of his continued detention. *See, e.g., Gul v. Rozos,* 163 Fed. Appx. 317, 319 (5th Cir. 2006) (unpublished per curiam). Because Petitioner challenges only his continued detention, rather than the validity of the removal order (*see* Pet's Reply at 3), the court is fully empowered to consider his claim. *See id.*

It is undisputed that Petitioner is subject to a final removal order. In entering the United States pursuant to the VWP, Petitioner waived any right to contest his removal if he is determined to be deportable, except that he may apply for asylum. *See* 8 U.S.C. § 1187(b).[3]

The detention, release, and removal of aliens subject to a final order of removal is governed by § 241 of the INA, 8 U.S.C. § 1231. Section 1231(a)(1)(A) provides that, after entry of an order of removal, "the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." *See also* 8 C.F.R. § 241.3. During the 90-day removal period, the alien must be detained. 8 U.S.C. § 1231(a)(2). After the ninety-day period, if the alien does not leave or he has not been removed, he must be released under the supervision of the Attorney General. 8 U.S.C. § 1231(a)(3). Under limited circumstances, certain aliens may be detained beyond the removal period under 8 U.S.C. § 1231(a)(6), which provides that the Attorney General may detain beyond the 90-day removal period aliens who are inadmissible, aliens who have committed aggravated felonies, aliens who are otherwise dangerous, and aliens who are a flight risk.[4]

---

[3] Petitioner signed the back of Form I-94W, thus waiving his right to review or appeal a U.S. customs officer's determination as to his admissibility. (Resp.'s Appx. at 8).

[4] Section 1231(a)(6) reads as follows:

An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or

In this action, Respondents rely on § 1231(a)(6) as the basis for Petitioners' continued detention, purportedly because he is inadmissible. (*See* Respondent's response at 8). Relying on *Zadvydas v. Davis*, 533 U.S. 678 (2001), they correctly argue that Petitioner must establish that he has been in post-order removal custody for more than six months as of the time his habeas petition is filed. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 and n. 3 (11th Cir. 2002) (six-month period following date on which the order of removal became final must have elapsed before the filing of a habeas petition challenging confinement under *Zadvydas v. Davis*, 533 U.S. 678 (2001)); *Diallo v. Gonzales*, 2007 WL 942094, at *2 (N.D. Tex. 2007) (3:06cv2155-N) (same); *Apau v. Ashcroft*, 2003 WL 21801154, at *2 (N.D. Tex. 2003) (3:02cv2652-D) (same). Even when detentions extend beyond 90 days, *Zadvydas* provides that continued detention under § 1231(a)(6) for up to six months (from the date the order of removal becomes final) is a presumptively reasonable period of time to secure an alien's removal from the United States. 533 U.S. at 700-701.

Petitioner's detention claim is clearly premature under *Zadvydas*. When his petition was filed on February 5, 2008, he had been detained only 60 days. As a result, Petitioner cannot show that, as of the filing of his petition, he had been in post-order removal detention for at least six months since his removal order became final.

---

who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Petitioner's habeas corpus petition be DISMISSED without prejudice as premature.

A copy of this recommendation will be transmitted to Petitioner and counsel for Respondents.

Signed this 21st day of May, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.